**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Scottie Wayne Burkhalter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:25-cv-13380-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Billy Robert Sellers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action against Defendant pursuant to 28 U.S.C. § 1983. (ECF No. 1).  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings.  Now before the court is the magistrate judge's Report and Recommendation ("Report"). (ECF No. 22).   The magistrate judge construed Plaintiff's complaint as asserting a malicious prosecution claim that should be "analyzed as [an] action[] claiming [an] unreasonable seizure[] in violation of the Fourth Amendment."  *Id*. at 4 (citing *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002)); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)).  After reviewing the record, the magistrate judge concluded that Plaintiff has failed to state a claim for malicious prosecution and that his action was therefore subject to summary dismissal.  *Id.* at 5.  The magistrate judge also concluded that Plaintiff cannot cure the defects in the complaint by amendment. *Id*. at 6.  Accordingly, the Report recommends that the court dismiss this action with prejudice, without leave to amend, and without issuance and service of process.

The Report was mailed to Plaintiff at the address he provided the court. (ECF No. 23). Because the Report has not been returned as undeliverable, Plaintiff is presumed to have received the Report. Plaintiff was advised of the right to file specific and timely objections to the Report and of the consequences of failing to do so, (ECF No. 22 at 7), but failed to do so, and time for objecting has now expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 22), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process for the reasons detailed by the magistrate judge in the Report.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 7, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.